UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

| | |
|---|---|
| **WESLEY REED,** <br> **GREGORY STRONG,** <br> **RICHARD STRONG,** <br> **ANDREW JOHNSON,** <br> **JIMMIE LEE JONES,** <br> **WALTER GRIFFIN,** <br> **STACY GRIFFIN and** <br> **JAMES SIMPSON,** <br><br> **Plaintiffs,** <br> **v.** <br><br> **PITTS FARMS PARTNERSHIP,** <br><br> **Defendant.** | Civil Action No. 4:21-cv-113-DMB-DAS |

## DEFENDANT PITTS FARMS PARTNERSHIP'S
## ANSWER TO AMENDED COMPLAINT

Now comes the Defendant Pitts Farms Partnership ("Pitts Farms" or "Defendant") by and through its counsel, and hereby responds to the Amended Complaint filed by Wesley Reed, Gregory Strong, Richard Strong, Andrew Johnson, Jimmie Lee Jones, Walter Griffin, Stacy Griffin and James Simpson (collectively referred to as "Plaintiffs"). Pitts asserts the following defenses, each as a separate and distinct defense to Plaintiffs' Amended Complaint ("Complaint"). Pitts does not assume the burden of any defense asserted that is adjudged not to be an affirmative defense.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted. Accordingly, the Complaint against Defendant should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

**SECOND DEFENSE**

Some or all of Plaintiffs' claims or remedies are barred by the applicable statute(s) of limitations.

**THIRD DEFENSE**

Some or all of Plaintiffs' state law claims or remedies are preempted by federal law.

**FOURTH DEFENSE**

To the extent Plaintiffs failed to satisfy any conditions precedent that are necessary to maintain their claims, or failed to exhaust administrative remedies, such claims are barred.

**FIFTH DEFENSE**

Some or all of Plaintiffs' claims are barred for lack of privity or failure of consideration.

**SIXTH DEFENSE**

Some or all of Plaintiffs' claims or remedies are barred by the doctrine of election of remedies.

**SEVENTH DEFENSE**

Some or all of Plaintiffs' claims are barred by the statute of frauds.

**EIGHTH DEFENSE**

Plaintiffs' claims are barred by the doctrines of estoppel, waiver, unclean hands, and laches.

**NINTH DEFENSE**

Some or all of Plaintiffs' claims or remedies are barred by the doctrines of payment, approval, consent, authorization, accord and satisfaction, or ratification by Plaintiffs or by the state or federal government.

## TENTH DEFENSE

Some or all of Plaintiffs' claims or remedies are barred by the doctrines of res judicata or collateral estoppel.

## ELEVENTH DEFENSE

Plaintiffs lack standing to bring some or all of the claims asserted.

## TWELFTH DEFENSE

If Plaintiffs have suffered any damages, which is denied, any such damages are the proximate result of some superseding or intervening cause or of conduct on the part of some party other than Defendant for which Defendant is not liable.

## THIRTEENTH DEFENSE

To the extent Plaintiffs attempt to allege fraudulent misrepresentation, Plaintiffs have failed to plead fraud with particularity.

## FOURTEENTH DEFENSE

Plaintiffs' claims for damages or other monetary relief are barred to the extent that Plaintiffs have failed to mitigate the consequences of the actions they complain about and to the extent that (i) Plaintiffs have received off-setting earnings, income or income substitutes from any sources since the time of the alleged adverse employment action(s), (ii) Plaintiffs have failed to exercise reasonable diligence in seeking and accepting other employment or self-employment that would reduce any alleged losses, and/or (iii) Plaintiffs have been unavailable for work during any period for which he claims monetary losses.

## FIFTEENTH DEFENSE

Plaintiffs have not specifically stated their alleged special damages, if any, as required by the applicable rules. Accordingly, Plaintiffs are barred from recovering any such damages.

3

**SIXTEENTH DEFENSE**

Defendant exercised reasonable care to prevent any conduct in violation of 42 U.S.C. § 1981.

**SEVENTEENTH DEFENSE**

Defendant pleads all available defenses under the Agricultural Worker Protection Act, including but not limited to 29 U.S.C. § 1803.

**EIGHTEENTH DEFENSE**

Although Defendant denies having engaged in any unlawful, improper or actionable conduct, it avers that even if Plaintiffs' allegations were believed, Defendant has reporting mechanisms to safeguard and otherwise prevent such harm, and Plaintiffs unreasonably failed to take advantage of preventive or corrective opportunities provided by Defendant, or to otherwise avoid harm.

**NINETEENTH DEFENSE**

Plaintiffs' claims and/or potential damages recoverable are subject to and limited by the statutory provisions of 42 U.S.C. §1981a.

**TWENTIETH DEFENSE**

The personnel decisions and actions by Defendant that may have affected Plaintiffs were taken for legitimate reasons and in good faith and were not based upon any unlawful characteristic.

**TWENTY-FIRST DEFENSE**

Notwithstanding any other defense, Defendant further avers that, even if an unlawful characteristic had been a motivating factor in any personnel decision or action affecting Plaintiffs, the same action or inaction would have occurred in the absence of that/those factor(s).

4

**TWENTY-SECOND DEFENSE**

To the extent that any recovery on Plaintiffs' Complaint may be barred due to after-acquired evidence, any recovery to which Plaintiff might otherwise be entitled must be appropriately offset.

**TWENTY-THIRD DEFENSE**

Defendant did not engage in conduct warranting liquidated or punitive damages.

**TWENTY-FOURTH DEFENSE**

Punitive damages, as permitted under the substantive law of laws of any state, violate the due process, equal protection, and excessive fines clauses of the constitutions of the United States of America and the States.

**TWENTY-FIFTH DEFENSE**

No act or omission of Defendant was malicious, willful, wanton, reckless or grossly negligent and, therefore, any award of punitive damages is barred. Additionally, because of the lack of clear standards, the imposition of punitive damages against Defendant is unconstitutionally vague and/or over-broad.

**TWENTY-SIXTH DEFENSE**

Defendant specifically incorporates by reference any and all standards or limitations regarding the determination and enforceability of punitive damage awards which arose in the decision of *BMW of North America v. Gore*, 116 S. Ct. 1589 (1996), *State Farm v. Campbell*, 123 S. Ct. 1513 (2003), and their progeny.

**TWENTY-SEVENTH DEFENSE**

Any claim for punitive damages cannot be sustained because an award of punitive damages without proof of every element of such claim beyond a reasonable doubt or

alternatively by clear and convincing evidence, made without providing clear and uniform standards, violates Defendant's Fourteenth Amendment due process rights.

### TWENTY-EIGHTH DEFENSE

Any claim for punitive damages cannot be sustained because an award of punitive damages without an excessive pre-determined upper limit would violate Defendant's Fourteenth Amendment due process rights and may result in a violation of Defendant's right not to be subjected to an excessive award in violation of the Excessive Fines Clause of the Eighth Amendment.

### TWENTY-NINTH DEFENSE

Defendant reserves the right to amend this answer to plead any affirmative defense or matters of avoidance required by Rules 8(c) and 12(h) of the Federal Rules of Civil Procedure that may be determined applicable to this action through subsequent discovery proceedings or further investigation of the claims and allegations asserted in the complaint.

### THIRTIETH DEFENSE

Any claims for emotional distress or mental injury allegedly resulting from Plaintiff's employment with Defendant are barred by the exclusive remedy provision of the Mississippi Workers' Compensation Act.

### THIRTY-FIRST DEFENSE

Defendant is not liable for any acts of employees committed outside the scope of their employment or acts committed in violation of Defendant's policies.

To the extent any of the affirmative defenses contained herein apply to the facts applicable to one or more, but not all, plaintiffs, they should be applied to the applicable plaintiff(s).

## AMENDED COMPLAINT

And now, having affirmatively asserted its defenses to the claims in this action, and in the event said defenses are not dispositive of the action, Defendant answers the allegations of the Amended Complaint, paragraph by paragraph, as follows:

### PRELIMARY STATEMENT

1. Defendant admits that it employed workers through the United States government's H-2A worker program. Defendants denies the remaining allegations of Paragraph 1 of the Amended Complaint.

2. Defendant admits the Plaintiffs are bringing this action, but denies any liability to Plaintiffs, denies that Plaintiffs are entitled to any damages and denies the remaining allegations of Paragraph 2 of the Amended Complaint.

### JURISDICTION AND VENUE

3. Defendant admits that this Court has federal question jurisdiction over the federal statutes cited in Paragraph 3 of the Amended Complaint but denies any liability to Plaintiffs.

4. Defendant admits that this Court has supplemental jurisdiction over the allegations of the Amended Complaint but denies any liability to Plaintiffs.

5. Defendant avers that the allegations of Paragraph 5 of the Amended Complaint assert legal conclusions to which a response is not necessary.

6. Defendant admits that venue is proper in this Court but denies the remaining allegations of Paragraph 6 of the Amended Complaint.

### PARTIES

7. Defendant admits that the named plaintiffs are African-American United States citizens and admits that the named plaintiffs reside in Mississippi. At this time Defendant is

without information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 7 of the Amended Complaint and, therefore, denies them.

8. Defendant admits that it is a partnership, that it is engaged in the agricultural industry in Sunflower County, Mississippi, and that it has employed migrant and seasonal workers to perform agricultural work. Defendant denies the remaining allegations of Paragraph 8 of the Amended Complaint.

9. Defendant admits that it has a federal employer identification number, but avers that the remaining allegations of Paragraph 9 of the Amended Complaint assert legal conclusions to which a response is not necessary.

## STATUTORY AND REGULATORY FRAMEWORK

10. Defendant avers that the allegations of Paragraph 10 of the Amended Complaint assert legal conclusions to which a response is not necessary.

11. Defendant avers that the allegations of Paragraph 11 of the Amended Complaint assert legal conclusions to which a response is not necessary.

12. Defendant avers that the allegations of Paragraph 12, including sub-paragraphs a. through h., inclusive, of the Amended Complaint assert legal conclusions to which a response is not necessary.

13. Defendant avers that the allegations of Paragraph 13 of the Amended Complaint assert legal conclusions to which a response is not necessary.

14. Defendant avers that the allegations of Paragraph 14 of the Amended Complaint assert legal conclusions to which a response is not necessary.

15. Defendant avers that the allegations of Paragraph 15 of the Amended Complaint assert legal conclusions to which a response is not necessary.

16. Defendant avers that the allegations of Paragraph 16 of the Amended Complaint assert legal conclusions to which a response is not necessary.

17. Defendant avers that the allegations of Paragraph 17 of the Amended Complaint assert legal conclusions to which a response is not necessary.

## STATEMENT OF FACTS

18. Defendant admits that it farms acreage in Sunflower County, Mississippi, and that it transports harvested crops in various vehicles, including some trucks. Defendant denies the remaining allegations of Paragraph 18 of the Amended Complaint as they are phrased.

19. Defendant admits that at times the majority of its workforce have been members of the African-American race. Defendant does not have knowledge sufficient to admit or deny the racial demographics of Sunflower County or South Africa. Defendant denies the remaining allegations of Paragraph 19 of the Amended Complaint.

20. Defendant admits it has employed the plaintiffs in this lawsuit at various times, but denies the remaining allegations of Paragraph 20 of the Amended Complaint.

21. Defendant admits it has employed the plaintiffs in this lawsuit at various times, but denies the remaining allegations of Paragraph 21 of the Amended Complaint.

22. Defendant admits that it employed Wesley Reed, that he performed various agricultural jobs and that it compensated him for his work, including a higher rate for work he performed on weekends. At this time Defendant is without information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 22 of the Amended Complaint and, therefore, denies them.

23. Defendant admits that it employed Andrew Johnson, that he performed various agricultural jobs and that it compensated him for his work, including a higher rate for work he

9

performed on weekends. At this time Defendant is without information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 23 of the Amended Complaint and, therefore, denies them.

24. Defendant admits that it employed Jimmie Lee Jones on a part time basis, that he performed various agricultural jobs and that it compensated him for his work, including a higher rate for work he performed on weekends. At this time Defendant is without information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 24 of the Amended Complaint and, therefore, denies them.

25. Defendant admits that it employed Walter Griffin, that he performed various agricultural jobs and that it compensated him for his work, including a higher rate for work he performed on weekends. At this time Defendant is without information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 25 of the Amended Complaint and, therefore, denies them.

26. Defendant admits that it employed Gregory Strong, that he performed various agricultural jobs and that it compensated him for his work, including a higher rate for work he performed on weekends. At this time Defendant is without information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 26 of the Amended Complaint and, therefore, denies them.

27. Defendant admits that it employed Richard Strong, that he performed various agricultural jobs and that it compensated him for his work, including a higher rate for work he performed on weekends. At this time Defendant is without information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 27 of the Amended Complaint and, therefore, denies them.

28. Upon information and belief, Defendant never employed Stacie Griffin or James Simpson.

29. Defendant admits that it employed a supervisor, but denies the remaining allegations of Paragraph 29 of the Amended Complaint.

30. Defendant admits that between 2014 and 2021 it has employed workers through the United States' H-2A worker program who were South African citizens. Defendant denies the remaining allegations of Paragraph 30 of the Amended Complaint.

31. Defendant admits that between 2014 and 2021 it has hired COC Placement Service, LLC to assist it with the United States' H-2A worker program. Defendant avers that the allegations of Paragraph 31 of the Amended Complaint regarding what COC Placement Service's responsibilities included assert legal conclusions to which a response is not necessary. Defendant denies the remaining allegations of Paragraph 31 of the Amended Complaint.

32. Defendant avers that the H-2A applications speak for themselves.

33. Defendant avers that the H-2A applications speak for themselves.

34. Defendant avers that the H-2A applications speak for themselves.

35. Defendant avers that the notice of acceptance letters speak for themselves.

36. Defendant avers that the documents referenced in Paragraph 36 of the Amended Complaint speak for themselves.

37. Defendant denies the allegations of Paragraph 37 of the Amended Complaint.

38. Defendant denies the allegations of Paragraph 38 of the Amended Complaint.

39. Defendant denies the allegations of Paragraph 39 of the Amended Complaint.

40. Defendant denies the allegations of Paragraph 40 of the Amended Complaint.

41.     At this time Defendant is without information sufficient to form a belief as to the truth of the allegations of Paragraph 41 of the Amended Complaint and, therefore, denies them.

42.     Defendant denies the allegations of Paragraph 42 of the Amended Complaint.

43.     Defendant denies the allegations of Paragraph 43 of the Amended Complaint.

44.     Defendant denies the allegations of Paragraph 44 of the Amended Complaint.

45.     Defendant denies the allegations of Paragraph 45 of the Amended Complaint.

46.     Defendant denies the allegations of Paragraph 46 of the Amended Complaint.

47.     Defendant admits it paid plaintiffs by check. At this time Defendant is without information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 47 of the Amended Complaint and, therefore, denies them.

48.     Defendant denies the allegations of Paragraph 48 of the Amended Complaint.

49.     Defendant denies the allegations of Paragraph 49 of the Amended Complaint.

50.     Defendant denies the allegations of Paragraph 50 of the Amended Complaint.

51.     Defendant denies the allegations of Paragraph 51 of the Amended Complaint.

52.     Defendant denies the allegations of Paragraph 52 of the Amended Complaint.

53.     Defendant admits that it rented housing to Richard Strong. Defendant denies the remaining allegations of Paragraph 53 of the Amended Complaint as they are phrased.

54.     Defendant denies the allegations of Paragraph 54 of the Amended Complaint.

55.     Defendant denies the allegations of Paragraph 55 of the Amended Complaint.

56.     Defendant denies the allegations of Paragraph 56 of the Amended Complaint.

57.     Defendant denies the allegations of Paragraph 57 of the Amended Complaint.

58.     Defendant admits that it employed Gregory Strong for part of 2020, and that it compensated him for his work, including a higher rate for work he performed on weekends.

Defendant denies the remaining allegations of Paragraph 58 of the Amended Complaint as they are phrased.

59. Defendant admits that it employed Jimmie Jones for part of 2020, and that it compensated him for his work, including a higher rate for work he performed on weekends. Defendant denies the remaining allegations of Paragraph 59 of the Amended Complaint as they are phrased.

60. Defendant denies the allegations of Paragraph 60 of the Amended Complaint.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

MIGRANT AND SEASONAL AGRICULTURAL WORKER PROTECTION ACT (AWPA)

61. Defendant admits the Plaintiffs are seeking damages, injunctive relief and declaratory relief, but denies any liability to Plaintiffs, denies that Plaintiffs are entitled to any damages and denies the remaining allegations of Paragraph 61 of the Amended Complaint.

62. Defendant avers that the allegations of Paragraph 62 of the Amended Complaint assert legal conclusions to which a response is not necessary.

63. Defendant avers that the allegations of Paragraph 63 of the Amended Complaint assert legal conclusions to which a response is not necessary.

64. Defendant avers that the allegations of Paragraph 64 of the Amended Complaint assert legal conclusions to which a response is not necessary.

65. Defendant avers that the allegations of Paragraph 65 of the Amended Complaint assert legal conclusions to which a response is not necessary.

66. Defendant avers that the allegations of Paragraph 66 of the Amended Complaint assert legal conclusions to which a response is not necessary.

67. Defendant avers that the allegations of Paragraph 67 of the Amended Complaint assert legal conclusions to which a response is not necessary.

68. Defendant avers that the allegations of Paragraph 68 of the Amended Complaint assert legal conclusions to which a response is not necessary.

69. Defendant denies the allegations of Paragraph 69, including sub-paragraphs a. through j., inclusive, of the Amended Complaint.

70. Defendant denies the allegations of Paragraph 70 of the Amended Complaint.

71. Defendant denies the allegations of Paragraph 71 of the Amended Complaint.

72. Defendant denies the allegations of Paragraph 72 of the Amended Complaint.

73. Defendant denies the allegations of Paragraph 73 of the Amended Complaint.

74. Defendant denies the allegations of Paragraph 74 of the Amended Complaint.

75. Defendant denies the allegations of Paragraph 75 of the Amended Complaint.

**SECOND CLAIM FOR RELIEF**

BREACH OF CONTRACT

76. Defendant admits the Plaintiffs are seeking damages, but denies any liability to Plaintiffs, denies that Plaintiffs are entitled to any damages and denies the remaining allegations of Paragraph 76 of the Amended Complaint.

77. Defendant avers that the allegations of Paragraph 77 of the Amended Complaint assert legal conclusions to which a response is not necessary.

78. Defendant denies the allegations of Paragraph 78, including sub-paragraphs a. through h., inclusive, of the Amended Complaint.

79. Defendant denies the allegations of Paragraph 79 of the Amended Complaint.

80. Defendant denies the allegations of Paragraph 80 of the Amended Complaint.

## THIRD CLAIM FOR RELIEF

### VIOLATIONS OF THE CIVIL RIGHTS ACT OF 1866 42 U.S.C. § 1981

81.     Defendant admits the Plaintiffs are seeking damages, but denies any liability to Plaintiffs, denies that Plaintiffs are entitled to any damages and denies the remaining allegations of Paragraph 81 of the Amended Complaint.

82.     Defendant denies the allegations of Paragraph 82 of the Amended Complaint.

83.     Defendant denies the allegations of Paragraph 83 of the Amended Complaint.

84.     Defendant denies the allegations of Paragraph 84 of the Amended Complaint.

85.     Defendant denies the allegations of Paragraph 85 of the Amended Complaint.

86.     Defendant denies the allegations of Paragraph 86 of the Amended Complaint.

## FOURTH CLAIM FOR RELIEF

### FAIR LABOR STANDARDS ACT (FLSA)

87.     Defendant admits that Richard Strong is seeking damages, but denies any liability to Richard Strong, denies that Richard Strong is entitled to any damages and denies the remaining allegations of Paragraph 87 of the Amended Complaint.

88.     Defendant denies the allegations of Paragraph 88 of the Amended Complaint.

89.     Defendant denies the allegations of Paragraph 89 of the Amended Complaint.

## **PRAYER FOR RELIEF**

90.     Defendant denies the allegations of Paragraph 90 of the Amended Complaint and denies the allegations of all sub-paragraphs, including sub-paragraphs a. through l., inclusive. Defendant denies the plaintiff is entitled to any judgment, back wages, reinstatement, front pay, injunctive relief, equitable relief, compensatory damages, consequential damages, punitive

damages, liquidated damages, interest, other monetary damages, attorney fees, interest, costs or other relief from Defendant.

Defendant denies any and all allegations not specifically admitted herein.

### DEMAND FOR JURY TRIAL

Defendants demand trial a trial by jury to the extent that there are triable issues.

Respectfully submitted, this the 22nd day of November, 2021.

### PITTS FARMS PARTNERSHIP

By: */s/ Timothy M. Threadgill*
TIMOTHY M. THREADGILL (MSB NO. 8886)
SAMMY L. BROWN, JR. (MSB NO. 106046)

THEIR ATTORNEYS

OF COUNSEL:

BUTLER SNOW LLP
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157
Post Office Box 6010
Ridgeland, MS 39158-6010
Tel: (601) 948-5711
Fax: (601) 985-4500
sammy.brown@butlersnow.com

## **CERTIFICATE OF SERVICE**

I, Timothy M. Threadgill, do hereby certify that I electronically filed the foregoing with the Clerk of Court using the ECF system, which sent notification of such filing to the following:

Robert McDuff
MISSISSIPPI CENTER FOR JUSTICE
767 North Congress Street
Jackson, MS 39202
rbm@mcdufflaw.com

Reilly Morse
MISSISSIPPI CENTER FOR JUSTICE
764 Water Street
Biloxi, MS 39533
rmorse@mscenterforjustice.org

Gregory Schell
Melia Amal Bouhabib
Pro Hac Vice Motions Forthcoming
SOUTHERN MIGRANT LEGAL SERVICES
A Project of Texas RioGrande Legal Aid, Inc.
311 Plus Park Blvd., Ste. 135
Nashville, TN 37217
gschell@trla.org abouhabib@trla.org

SO CERTIFIED, this the 22nd day of November, 2021.

*/s/ Timothy M. Threadgill*
Timothy M. Threadgill

61762112.v2